FILED - GR
January 20, 2011 9:59 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ald /      SCANNED BY: AMP, 1-20

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SIERRA CLUB,<br>85 Second Street, 2nd Floor<br>San Francisco, CA 94105<br><br>        Plaintiff,<br><br>vs.<br><br>CITY OF HOLLAND, MICHIGAN<br>270 S. River Ave<br>Holland, MI 49423, and<br><br>HOLLAND BOARD OF PUBLIC WORKS<br>625 Hastings Avenue<br>Holland, MI 49423<br><br>        Defendants. | Civil Action No. **1:11-cv-71**<br>**Robert J. Jonker**<br>**U.S. District Judge** |

## COMPLAINT

Plaintiff, Sierra Club, by its undersigned attorneys, alleges as follows:

### INTRODUCTION

1. This is a civil action for civil penalties, declaratory and injunctive relief, with costs and fees, under the Clean Air Act ("the Act" or "CAA"), 42 U.S.C. §§ 7401, *et seq.* and the federally-enforceable State Implementation Plan developed by the State of Michigan.

2. Sierra Club seeks an order requiring the Defendants, the City of Holland, Michigan and the Holland Board of Public Works, to comply with the requirements of the Act and the Michigan State Implementation Plan at the James De Young Generation Station (the De Young Plant) and to forfeit penalties for violations of the CAA at the De Young Plant.

3. The De Young Plant is a coal- and natural gas-fired power plant that emits thousands of tons of carbon dioxide, nitrogen oxides and sulfur oxides every year as well as significant amounts of particulate matter, carbon monoxide, mercury, and other hazardous air pollutants. Those pollutants contribute to climate change, respiratory distress, cardiovascular disease, and premature mortality. Nitrogen oxides and sulfur oxides in the air also contribute to acid rain, which sterilizes lakes and damages property. The presence of those pollutants in the atmosphere is associated with increased hospital admissions and emergency room visits.

## PARTIES

4. Plaintiff Sierra Club is an incorporated, not-for-profit organization with its headquarters at 85 Second Street, 2nd Floor, San Francisco, California and its Michigan Chapter Office at 109 E. Grand River Avenue, Lansing, Michigan. Its purpose is to preserve, protect, and enhance the natural environment. Its mission includes reducing and eliminating pollution from the mining, combustion, and waste disposal of coal, which negatively affects Sierra Club's members as well as members of the public. Sierra Club has over 1.3 million members and supporters nationwide, including approximately 18,000 members in Michigan.

5. Defendant City of Holland, Michigan is a municipality in the State of Michigan that owns the De Young Plant.

6. Defendant Holland Board of Public Works is a division of the City of Holland that provides utility services to the Holland area and operates the De Young Plant.

7. Defendant City of Holland, Michigan is a "person" within the meaning of Sections 302(e) and 304(a)(3) of the Act, 42 U.S.C. §§ 7602(e), 7604(a)(1) and (a)(3).

8. Defendant Holland Board of Public Works is a "person" within the meaning of Sections 302(e) and 304(a)(3) of the Act, 42 U.S.C. §§ 7602(e), 7604(a)(1) and (a)(3).

## STANDING

9. Sierra Club has members who live, work, and recreate in the City of Holland and Ottawa County, Michigan, as well as other areas downwind from the De Young Plant. These members are negatively impacted by air pollution emissions from the De Young Plant. The health and welfare of Sierra Club's members, as well as their enjoyment of outdoor activities, has been and continues to be harmed by air pollution from the De Young Plant.

10. An order of this Court enjoining Defendants from operating the De Young Plant and/or requiring Defendants to comply with applicable emission limitations at the De Young Plant will begin to redress the injuries to Sierra Club's members because the result will be a reduction in air pollution from the plant.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to 42 U.S.C. § 7604, 28 U.S.C. §§ 1331, 1355, and 2201. The relief requested by the Plaintiff is authorized by statute in 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 7604.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendants reside in, and all or a substantial part of the events or omissions giving rise to the claims herein occurred in the Western District of Michigan. Venue is also proper pursuant to 42 U.S.C. § 7604(c)(1) because this action is for violations at the De Young Plant, which is located within the Western District of Michigan.

3

## NOTICE

13. On September 9, 2010, Sierra Club provided notice to the Defendants, the State of Michigan, and the United States Environmental Protection Agency (EPA) Administrator via certified mail of those claims in this Amended Complaint for which notice is required in accordance with the requirements of CAA Section 304(b), 42 U.S.C. § 7604(b) and 40 C.F.R. part 54.

## GENERAL ALLEGATIONS

### The De Young Plant

14. Defendants are government entities who own and are responsible for the operations of the De Young Plant.

15. The De Young Plant consists of three coal- and natural gas-fired electrical generating boilers and associated equipment known as Units 3, 4 and 5. These three units have the capability of generating a total of 60 megawatts ("MW") of electricity.

16. Boiler 3 was manufactured in 1950 and serves a generator rated at a capacity of approximately 11.5 MW.

17. Boiler 4 was manufactured in 1960 and serves a generator rated at a capacity of approximately 19 MW.

18. Boiler 5 was manufactured in 1967 and serves a generator rated at a capacity of approximately 29.5 MW.

19. Coal is the predominant fuel for all three boilers at the De Young Plant.

20. The De Young Plant is located at 64 Pine Avenue, Holland, Ottawa County, Michigan.

## The Clean Air Act

21. The Clean Air Act requires that the EPA promulgate National Ambient Air Quality Standards (NAAQS), which are upper limits on air pollution, to protect public health and welfare, 42 U.S.C. § 7409.

22. The Act also requires each state to designate those areas within its boundaries where the air quality meets or exceeds NAAQS for each pollutant. An area that meets the NAAQS for a particular pollutant is termed an "attainment" area, whereas an area that exceeds the NAAQS is a "nonattainment" area. Areas for which there is insufficient information to determine compliance with NAAQS are "unclassifiable," 42 U.S.C. § 7407(d).

23. CAA Section 110, 42 U.S.C. § 7410, requires each state to adopt and to submit to EPA for approval a State Implementation Plan (SIP) that provides for the attainment and maintenance of the NAAQS. SIP requirements are federally enforceable in citizen suits under CAA Section 304(a)(1), 42 U.S.C. § 7604(a)(1).

24. Title V of the Act establishes an operating permit program for certain sources, including "major sources." The purpose of Title V is to ensure that all "applicable requirements" for compliance with the Clean Air Act are collected in one place. 42 U.S.C. § 7661-7661f.

25. EPA promulgated regulations establishing minimum elements of a Title V permit program to be administered by an air pollution control agency. 57 Fed. Reg. 32,250 (July 21, 1992). Those regulations are codified at 40 C.F.R. part 70.

26. EPA granted interim approval of the State of Michigan's Title V operating permit program effective on February 10, 1997. EPA granted final approval effective on November 30,

2001. 40 C.F.R. Part 70, Appendix A. Michigan's Title V operating permit program is codified at Mich. Admin. Code r. 336.1210-336.1218 ("Rule 210-218").

27. The Act and Michigan's Title V operating permit program have, at all relevant times, made it unlawful for any person to violate any requirement of a permit issued under Title V or to operate a major source except in compliance with a Title V permit. 42 U.S.C. § 7661a; 40 C.F.R. § 70.7(b); Michigan Rule 336.1210(1).

28. The Act and Michigan's Title V operating permit program have, at all relevant times, required that each Title V permit include, among other things, enforceable emission limitations and such other conditions as are necessary to assure compliance with applicable requirements of the Act and the requirements of the applicable SIP. 42 U.S.C. § 7661c(a); 40 C.F.R. § 70.6(a)(1) and Michigan's Rule 213.

29. Rule 213 in Michigan's Title V operating permit regulations further specify that all terms and conditions of a Title V operating permit that are designated in the permit as federally enforceable are enforceable by citizens under the provisions of the Clean Air Act.

**Limits on the De Young Plant's Visible Emissions**

30. The James De Young plant is subject to limits on visible air pollutant emissions from its stacks.

31. Permit No. MI-ROP-B2357-2006a §§ 1.A.11 and 1.C.EU Unit-3.I and Michigan Rule 336.1301(1) limit the emissions from James De Young Unit 3 to 20 percent opacity based on a 6-minute average, except for one 6-minute period per hour, which can be no greater than 27 percent opacity.

32. Permit No. MI-ROP-B2357-2006a §§ 1.A.11 and 1.C.EU Unit-4.I and Michigan Rule 336.1301(1) limit emissions from James De Young Unit 4 to 20 percent opacity based on a 6-minute average, except for one 6-minute period per hour, which can be no greater than 27 percent opacity.

33. Permit No. MI-ROP-B2357-2006a § 1.A.11 and 1.C.EU Unit-5.I and Michigan Rule 336.1301(1) limit emissions from James De Young Unit 5 to 20 percent opacity based on a 6-minute average, except for one 6-minute period per hour, which can be no greater than 27 percent opacity.

34. The Defendants have reported to the Michigan Department of Environmental Quality and the Michigan Department of Natural Resources and Environment periods of time when emissions from the James De Young plant have violated the applicable limits, including the limits on visible emissions.

35. According to the reports submitted by Defendants to the State of Michigan, the James De Young plant has violated its permitted visible emission limits on hundreds of occasions in recent years. For example, since January 1, 2005, the De Young plant emitted visible emissions in excess of 20 percent opacity for more than sixty (60) hours, consisting of more than six hundred (600) discrete 6-minute periods.

36. Permits issued to Defendants, including Permit No. MI-ROP-B2357-2006a, and Michigan Rule 336.2101, require Defendants to continuously monitor visible emissions from the James De Young plant.

37. On numerous occasions, Defendants have not continuously monitored visible emissions from the James De Young plant, in violation of permit requirements and requirements of applicable Michigan rules.

### FIRST CLAIM FOR RELIEF
(Emitting Visible Emissions in Violation of Permit MI-ROP-B2357-2006a)

38. Paragraphs 1 through 37 are realleged and incorporated herein by reference.

39. At various times, Defendants emitted visible emissions from the stack of the James De Young plant at rates and concentrations that violated the limits set forth in Permit MI-ROP-B2357-2006a.

40. Each 6-minute period during which visible emissions exceeded the applicable limit for each James De Young unit constitutes a separate and distinct violation. 42 U.S.C. § 7661a, Mich. Admin. Code r. 336.1210.

41. These violations entitle Plaintiff to injunctive relief and civil penalties, 42 U.S.C. §§ 7413 and 7604.

### SECOND CLAIM FOR RELIEF
(Emitting Visible Emissions in Violation of the Michigan State Implementation Plan)

42. Paragraphs 1 through 37 are realleged and incorporated herein by reference.

43. At various times, Defendants emitted visible emissions from the stack of the James De Young plant at rates and concentrations that violated the limits set forth in Michigan Rule 336.1301.

44. Michigan Rule 336.1301 is incorporated into the Michigan State Implementation Plan. *See* 57 Fed. Reg. 24,752 (June 11, 1992).

45.     Each 6-minute period during which visible emissions exceeded the applicable limit for each James De Young unit constitutes a separate and distinct violation of Michigan Rule 336.1301 and the Michigan State Implementation Plan.

46.     These violations entitle Plaintiff to injunctive relief and civil penalties, 42 U.S.C. §§ 7413 and 7604.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sierra Club respectfully prays for this Court to:

A.     Declare that the Defendants have violated the applicable permit limits on visible emissions;

B.     Declare that the Defendants have violated the applicable Michigan State Implementation Plan limits on visible emissions;

C.     Enjoin Defendants from operating the De Young Plant except in complete compliance with permit and State Implementation Plan limits;

D.     Order the Defendants to immediately comply with the statutory and regulatory requirements cited in this Complaint;

E.     Order the Defendants to remedy their past and ongoing violations by, *inter alia*, requiring the Defendants to install any necessary and appropriate pollution controls or to convert and/or operate the James De Young boilers on natural gas to avoid additional violations and to off-set historic unlawful emissions;

F.     Order the Defendants to take appropriate actions to remedy, mitigate, and offset the harm to public health and the environment caused by the violations of the Act alleged above;

9

  G. Order the Defendants to disgorge profits and other benefits that were improperly obtained through, or as a direct result of, the violations set forth herein;

  H. Order the Defendants to pay civil penalties, including a beneficial mitigation project pursuant to 42 U.S.C. § 7604(g)(2) that will reduce pollution in the immediate vicinity of the DeYoung plant, where Sierra Club's members work, live, and recreate and, therefore, improve the air quality that is harming Sierra Club's members;

  I. Order the Defendants to pay Sierra Club's costs of this action, including reasonable attorney fees, pursuant to CAA § 304(d), 42 U.S.C. § 7604(d);

  J. Retain jurisdiction over this action to ensure compliance with the Court's Order; and

  K. Order any other relief that the Court finds is just and equitable.

Respectfully submitted this 19th day of January, 2011.

<div style="text-align: right;">

MCGILLIVRAY WESTERBERG & BENDER LLC

*/s/ David C. Bender*

David C. Bender
Wisconsin State Bar No. 1046102
Christa Westerberg
Wisconsin State Bar No. 1040530
305 S. Paterson Street
Madison, WI 53703
Telephone: (608) 310-3560
Facsimile: (608) 310-3561
bender@mwbattorneys.com
westerberg@mwbattorneys.com

CULLEN WESTON PINES & BACH LLP

Lester A. Pines
Wisconsin State Bar No. 1016543
122 West Washington Avenue, Suite 900
Madison, WI 53703
Telephone: (608) 251-0101
Facsimile:   (608) 251-2883
pines@cwpb.com

*Attorneys for the Plaintiff Sierra Club*

</div>