IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SIERRA CLUB,<br>85 Second Street, 2nd Floor<br>San Francisco, CA 94105<br><br>       Plaintiff,<br><br>vs.<br><br>CITY OF HOLLAND, MICHIGAN<br>270 S. River Ave<br>Holland, MI 49423, and<br><br>HOLLAND BOARD OF PUBLIC WORKS<br>625 Hastings Avenue<br>Holland, MI 49423<br><br>       Defendants. | **Civil Action No. 1:11-cv-00071**<br>Paul L. Maloney<br>Chief U.S. District Judge |

---

## AMENDED COMPLAINT

---

Plaintiff, Sierra Club, by its undersigned attorneys, alleges as follows:

### INTRODUCTION

1. This is a civil action for civil penalties, declaratory and injunctive relief, with costs and fees, under the Clean Air Act ("the Act" or "CAA"), 42 U.S.C. §§ 7401, *et seq.* and the federally-enforceable Michigan State Implementation Plan.

2. Sierra Club seeks an order requiring the Defendants, the City of Holland, Michigan, and the Holland Board of Public Works, to comply with the requirements of the Act and the Michigan State Implementation Plan at the James De Young Generation Station (the De Young Plant), to forfeit penalties for violations of the CAA at the De Young Plant, and to mitigate past illegal emissions.

3. The De Young Plant is a coal- and natural gas-fired power plant that emits thousands of tons of carbon dioxide, nitrogen oxides and sulfur oxides every year as well as significant amounts of particulate matter, carbon monoxide, mercury, and other hazardous air pollutants. Those pollutants contribute to climate change, respiratory distress, cardiovascular disease, and premature mortality. Nitrogen oxides and sulfur oxides in the air also contribute to acid rain, which sterilizes lakes and damages property. The presence of those pollutants in the atmosphere is associated with increased hospital admissions and emergency room visits.

## PARTIES

4. Plaintiff Sierra Club is an incorporated, not-for-profit organization with its headquarters at 85 Second Street, 2nd Floor, San Francisco, California and its Michigan Chapter Office at 109 E. Grand River Avenue, Lansing, Michigan. Its purpose is to preserve, protect, and enhance the natural environment. Its mission includes reducing and eliminating pollution from the mining, combustion, and waste disposal of coal, which negatively affects Sierra Club's members as well as members of the public. Sierra Club has over 1.3 million members and supporters nationwide, including approximately 18,000 members in Michigan.

5. Defendant City of Holland is a municipality in the State of Michigan that owns the De Young Plant.

6. Defendant Holland Board of Public Works is a division of the City of Holland that provides utility services to the Holland area and operates the De Young Plant.

7. Defendant City of Holland, Michigan is a "person" within the meaning of Sections 302(e) and 304(a)(3) of the Act, 42 U.S.C. §§ 7602(e), 7604(a)(1) and (a)(3).

8. Defendant Holland Board of Public Works is a "person" within the meaning of Sections 302(e) and 304(a)(3) of the Act, 42 U.S.C. §§ 7602(e), 7604(a)(1) and (a)(3).

## STANDING

9. Sierra Club has members who live, work, and recreate in and around the City of Holland and Ottawa County, Michigan, as well as other areas downwind from the De Young Plant. These members are negatively impacted by air pollution emissions from the De Young Plant. The health and welfare of Sierra Club's members, as well as their enjoyment of outdoor activities, has been and continues to be harmed by air pollution from the De Young Plant.

10. An order of this Court enjoining Defendants from operating the De Young Plant, requiring Defendants to comply with applicable emission limitations at the De Young Plant, and/or mitigating past illegal emissions will begin to redress the injuries to Sierra Club's members because the result will be a reduction in air pollution from the plant.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to 42 U.S.C. § 7604, 28 U.S.C. §§ 1331, 1355, and 2201. The relief requested by the Plaintiff is authorized by statute in 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 7604.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendants reside in, and all or a substantial part of the events or omissions giving rise to the claims herein occurred in the Western District of Michigan. Venue is also proper pursuant to 42 U.S.C. § 7604(c)(1) because this action is for violations at the De Young Plant, which is located within the Western District of Michigan.

## NOTICE

13.     On September 9, 2010, Sierra Club provided notice to the Defendants, the State of Michigan, and the United States Environmental Protection Agency (EPA) Administrator via certified mail of certain claims for which notice is required in accordance with the requirements of CAA Section 304(b), 42 U.S.C. § 7604(b) and 40 C.F.R. part 54.

14.     On February 10, 2011, Sierra Club provided supplemental notice to the Defendants, the State of Michigan, and the EPA via certified mail of additional alleged violations in accordance with the requirements of CAA Section 304(b), 42 U.S.C. § 7604(b) and 40 C.F.R. part 54.

## GENERAL ALLEGATIONS

### The De Young Plant

15.     Defendants are government entities who own and are responsible for the operations of the De Young Plant.

16.     The De Young Plant consists of three coal- and natural gas-fired electrical generating boilers, turbine generators, coal handling equipment, and associated equipment known as Units 3, 4 and 5. These three units have the capability of generating a total of 60 megawatts ("MW") of electricity.

17.     Boiler 3 began initial operation in or around 1950 and serves a generator rated at a capacity of approximately 11.5 MW.

18.     Boiler 4 began initial operation in or around 1960 and serves a generator rated at a capacity of approximately 19 MW.

19. Boiler 5 began initial operation in 1967 and serves a generator rated at a capacity of approximately 29.5 MW.

20. Coal is the predominant fuel for all three boilers at the De Young Plant.

21. The De Young Plant is located at 64 Pine Avenue, Holland, Ottawa County, Michigan.

## The Clean Air Act

22. The Clean Air Act requires that the EPA promulgate National Ambient Air Quality Standards (NAAQS), which are upper limits on air pollution in the ambient air, to protect public health and welfare with an adequate margin of safety, 42 U.S.C. § 7409.

23. CAA Section 110, 42 U.S.C. § 7410, requires each state to adopt and to submit to EPA for approval a State Implementation Plan (SIP) that provides for the attainment and maintenance of the NAAQS. SIP requirements are federally enforceable in citizen suits under CAA Section 304(a)(1), 42 U.S.C. § 7604(a)(1).

24. Title V of the Act, 42 U.S.C. §§ 7661-7661f, establishes an operating permit program for certain sources, including "major sources." The purpose of Title V is to ensure that all "applicable requirements" for compliance with the Clean Air Act are collected in one place and that sufficient compliance testing and reporting occur.

25. EPA promulgated regulations establishing minimum elements of a Title V permit program to be administered by an air pollution control agency. 57 Fed. Reg. 32,250 (July 21, 1992). Those regulations are codified at 40 C.F.R. part 70.

26. EPA granted interim approval of the State of Michigan's Title V operating permit program effective on February 10, 1997. EPA granted final approval effective on November 30,

2001. 40 C.F.R. Part 70, Appendix A. Michigan's Title V operating permit program is codified at Mich. Admin. Code r. 336.1210-336.1218 ("Rule 210-218").

27. The Act and Michigan's Title V operating permit program have, at all relevant times, made it unlawful for any person to violate any requirement of a permit issued under Title V, or to operate a major source except in compliance with a Title V permit. 42 U.S.C. § 7661a; 40 C.F.R. § 70.7(b); Michigan Rule 336.1210(1).

28. The Act and Michigan's Title V operating permit program have, at all relevant times, required that each Title V permit include, among other things, enforceable emission limitations and such other conditions as are necessary to assure compliance with applicable requirements of the Act and the requirements of the applicable SIP. 42 U.S.C. § 7661c(a); 40 C.F.R. § 70.6(a)(1) and Michigan's Rule 213.

29. Rule 213 in Michigan's Title V operating permit regulations further specify that all terms and conditions of a Title V operating permit that are designated in the permit as federally enforceable are enforceable by citizens under the provisions of the Clean Air Act.

### Limits on the De Young Plant's Visible Emissions

30. The James De Young plant is subject to limits on visible air pollutant emissions from its stacks.

31. Permit No. MI-ROP-B2357-2006a §§ 1.A.11 and 1.C.EU Unit-3.I and Michigan Rule 336.1301(1) limit the emissions from James De Young Unit 3 to 20 percent opacity based on a 6-minute average, except for one 6-minute period per hour, which can be no greater than 27 percent opacity.

32. Permit No. MI-ROP-B2357-2006a §§ 1.A.11 and 1.C.EU Unit-4.I and Michigan Rule 336.1301(1) limit emissions from James De Young Unit 4 to 20 percent opacity based on a 6-minute average, except for one 6-minute period per hour, which can be no greater than 27 percent opacity.

33. Permit No. MI-ROP-B2357-2006a § 1.A.11 and 1.C.EU Unit-5.I and Michigan Rule 336.1301(1) limit emissions from James De Young Unit 5 to 20 percent opacity based on a 6-minute average, except for one 6-minute period per hour, which can be no greater than 27 percent opacity.

34. The Defendants have reported to the Michigan Department of Environmental Quality and the Michigan Department of Natural Resources and Environment periods of time when emissions from the James De Young plant have violated the applicable limits, including the limits on visible emissions.

35. According to the reports submitted by Defendants to the State of Michigan, the James De Young plant has violated its permitted visible emission limits on hundreds of occasions in recent years. For example, since January 1, 2005, the De Young plant emitted visible emissions in excess of 20 percent opacity for more than sixty (60) hours, consisting of more than six hundred (600) discrete 6-minute periods.

36. Permits issued to Defendants, including Permit No. MI-ROP-B2357-2006a, and Michigan Rule 336.2101, require Defendants to continuously monitor visible emissions from the James De Young plant.

37. On numerous occasions, Defendants have not continuously monitored visible emissions from the James De Young plant, in violation of permit requirements and requirements of applicable Michigan rules.

### Operating Requirements at the De Young Plant

38. Defendants have installed a pollution control device known as an "electrostatic precipitator" at each of the three coal-fired boilers at the De Young Plant. Electrostatic precipitators work by ionizing particles in the boiler exhaust gases with electrodes (i.e., giving particles a static electrical charge). Plates within the device are then given an opposite electrical charge to the particles, so that the particles are attracted to and collected by the plates. Rapping mechanisms are then used on the plates to clear the collected particles.

39. According to Defendants' applications filed with the State of Michigan, the electrostatic precipitators on De Young units 3 and 5 were constructed in 1982 and the electrostatic precipitator on De Young unit 4 was constructed in 1977.

40. The Michigan SIP requires all air cleaning devices be maintained and operated in a satisfactory manner at all times. Michigan Rule 336.1910.

41. The electrostatic precipitators installed at the De Young Plant are "air cleaning devices" as that term is used in Michigan Rule 336.1910.

42. Permit No. MI-ROP-B2357-2006a, at pages 20, 24, and 28, prohibits the De Young Plant from operating the boilers of Units 3, 4, and 5 (respectively) "unless the electrostatic precipitators are installed and operating properly, in accordance with safe operating practices."

43. On numerous occasions, Defendants have operated the boilers at Units 3, 4, and 5 at the De Young Plant during times when the electrostatic precipitators were not installed and operating properly.

**FIRST CLAIM FOR RELIEF**
(Emitting Visible Emissions in Violation of Permit MI-ROP-B2357-2006a)

44. Paragraphs 1 through 43 are realleged and incorporated herein by reference.

45. At various times, Defendants emitted visible emissions from the stack of the James De Young plant at rates and concentrations that violated the limits set forth in Permit MI-ROP-B2357-2006a.

46. Each 6-minute period during which visible emissions exceeded the applicable limit for each James De Young unit constitutes a separate and distinct violation. 42 U.S.C. § 7661a; Mich. Admin. Code r. 336.1210.

47. These violations entitle Plaintiff to injunctive relief and civil penalties. 42 U.S.C. §§ 7413 and 7604.

**SECOND CLAIM FOR RELIEF**
(Emitting Visible Emissions in Violation of the Michigan SIP)

48. Paragraphs 1 through 43 are realleged and incorporated herein by reference.

49. At various times, Defendants emitted visible emissions from the stack of the James De Young plant at rates and concentrations that violated the limits set forth in Michigan Rule 336.1301.

50. Michigan Rule 336.1301 is incorporated into the Michigan SIP. *See* 57 Fed. Reg. 24,752 (June 11, 1992).

51. Each 6-minute period during which visible emissions exceeded the applicable limit for each James De Young unit constitutes a separate and distinct violation of Michigan Rule 336.1301 and the Michigan State Implementation Plan.

52. These violations entitle Plaintiff to injunctive relief and civil penalties, 42 U.S.C. §§ 7413 and 7604.

### THIRD CLAIM FOR RELIEF
(Failure to operate electrostatic precipitators as required by Permit MI-ROP-B2357-2006a)

53. Paragraphs 1 through 43 are reallaged and incorporated herein by reference.

54. At various times, Defendants operated the boiler at Unit 3, 4, or 5 at the De Young Plant while the electrostatic precipitators used to control particulate matter emissions at those units were not installed and operating properly in accordance with safe operating practices.

55. On each occasion that Defendants operated the boiler at Unit 3, 4, or 5 while the electrostatic precipitator was not "installed and operating properly," Defendants committed a separate and distinct violation of Permit MI-ROP-B2357-2006a and the Clean Air Act.

56. These violations entitle Plaintiff to injunctive relief and civil penalties. 42 U.S.C. §§ 7413 and 7604.

### FOURTH CLAIM FOR RELIEF
(Failure to operate air-cleaning devices as required by the Michigan SIP)

57. Paragraphs 1 through 43 are realleged and incorporated herein by reference.

58. At various times, the air-cleaning devices installed at Units 3, 4, and 5 of the De Young Plant were not installed, maintained, and operated in a satisfactory manner as required by Michigan Rule 336.1910.

59. Michigan Rule 336.1910 is incorporated into the Michigan SIP.

60. On each occasion that Defendants operated the boiler at Unit 3, 4, or 5 while an air-cleaning device was not installed, maintained, and operated in a satisfactory manner, Defendants committed a separate and distinct violation of the Michigan SIP and the Clean Air Act.

61. These violations entitle Plaintiff to injunctive relief and civil penalties. 42 U.S.C. §§ 7413 and 7604.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sierra Club respectfully prays for this Court to:

A. Declare that the Defendants have violated the applicable permit limits on visible emissions;

B. Declare that the Defendants have violated the applicable Michigan State Implementation Plan limits on visible emissions;

C. Declare that Defendants have violated the applicable permit requirement to install and operate its electrostatic precipitators properly at all times that the units were operating;

D. Declare that Defendants have violated the applicable Michigan State Implementation Plan requirement to install, maintain, and operate all air-cleaning devices in a satisfactory manner;

E. Enjoin Defendants from operating the De Young Plant except in complete compliance with permit and State Implementation Plan limits and requirements;

F. Order the Defendants to immediately comply with the statutory and regulatory requirements cited in this Complaint;

      G.      Order the Defendants to remedy their past and ongoing violations by, *inter alia*, requiring the Defendants to install any necessary and appropriate pollution controls or to convert and/or operate the James De Young boilers on natural gas to avoid additional violations and to off-set historic unlawful emissions;

      H.      Order the Defendants to take appropriate actions to remedy, mitigate, and offset the harm to public health and the environment caused by the violations of the Act alleged above;

      I.      Order the Defendants to disgorge profits and other benefits that were improperly obtained through, or as a direct result of, the violations set forth herein;

      J.      Order the Defendants to pay civil penalties, including a beneficial mitigation project pursuant to 42 U.S.C. § 7604(g)(2) that will reduce pollution in the immediate vicinity of the De Young plant, where Sierra Club's members work, live, and recreate and, therefore, improve the air quality that is harming Sierra Club's members;

      K.      Order the Defendants to pay Sierra Club's costs of this action, including reasonable attorney fees, pursuant to CAA § 304(d), 42 U.S.C. § 7604(d);

      L.      Retain jurisdiction over this action to ensure compliance with the Court's Order; and

      M.      Order any other relief that the Court finds is just and equitable.

Respectfully submitted this 21st day of July, 2011.

        MCGILLIVRAY WESTERBERG & BENDER LLC

           s/Pamela R. McGillivray

        David C. Bender
        Wisconsin State Bar No. 1046102
        Pamela R. McGillivray
        Wisconsin State Bar No. 1034194
        Christa Westerberg
        Wisconsin State Bar No. 1040530
        305 S. Paterson Street
        Madison, WI 53703
        Telephone: (608) 310-3560
        Facsimile: (608) 310-3561
        bender@mwbattorneys.com
        mcgillivray@mwbattorneys.com
        westerberg@mwbattorneys.com

        CULLEN WESTON PINES & BACH LLP

        Lester A. Pines
        Wisconsin State Bar No. 1016543
        122 West Washington Avenue, Suite 900
        Madison, WI 53703
        Telephone: (608) 251-0101
        Facsimile:   (608) 251-2883
        pines@cwpb.com

        *Attorneys for the Plaintiff Sierra Club*