IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| SIERRA CLUB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No. 1:11-cv-00071** |
| | ) | Paul L. Maloney |
| CITY OF HOLLAND, MICHIGAN, and | ) | Chief U.S. District Judge |
| HOLLAND BOARD OF PUBLIC WORKS | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANTS' BRIEF IN SUPPORT OF ITS MOTION
### TO JOIN TWO RELATED CASES FOR TRIAL

Charles M. Denton
BARNES & THORNBURG LLP
171 Monroe Avenue, NW
Suite 1000
Grand Rapids, MI  49503
Telephone: (616) 742-3974
Email: charles.denton@btlaw.com
Atty. #: P33269

Cary R. Perlman
Karl A. Karg
Andrea M. Hogan
Margrethe K. Kearney
LATHAM & WATKINS LLP
233 South Wacker Drive, Ste. 5800
Chicago, Illinois  60606
Telephone: (312) 876-7700
Email: cary.perlman@lw.com
    karl.karg@lw.com
    andrea.hogan@lw.com

By chance rather than design, the trial schedule for Sierra Club's 2011 citizen suit against Holland has leap frogged its first-filed 2008 citizen suit against Holland.  The 2011 suit is set for trial on October 29, 2013, while the 2008 suit has no set trial date at all.  The 2008 case was supposed to be tried on September 27, 2011 – two years before the 2011 case – but the September 2011 trial date was kicked at the request of the parties, who were in serious settlement discussions at the time.  This turn of events was unintended, and it is also unfortunate, unfair, and inefficient.  Defendants therefore ask that these two inter-related cases be joined for trial in October 2013, pursuant to Federal Rule of Civil Procedure 42(a)(1).

Common sense and efficiency dictate that the two cases be tried together.  Both involve the exact same parties and the exact same power plant.  This Court already has determined the two cases are "related."  Many of the witnesses are the same in both cases.  The lawyers are the same in both cases.  The Judge is the same in both cases.  And most importantly, the Court will want to decide **all** liability questions for **all** three boiler units in **both** cases – and also hear from **all** experts – before deciding what remedies, if any, are appropriate.

Though Sierra Club may protest that it is **very** concerned about the possibility that the three boilers at Holland's James De Young power plant may have exceeded opacity limits for a total of 54 minutes, 48 minutes, and 6 minutes, respectively, in the **18 months** before Sierra Club filed suit, the 2011 case in fact was an afterthought inspired by Sierra Club's recognition that its 2008 case was in jeopardy.  The 2008 case is Sierra Club's primary case, alleging (at various times during discovery) over 20 violations of the Clean Air Act new source review/PSD rules and demanding that Holland convert its coal-fired boilers to natural gas.  The 2011 case is the tail.  The 2008 case is the dog.  And now the tail is leading the dog, which is not a sensible procedural result.

1

Both cases are equally ready for trial. Discovery is complete in both cases. To be sure, there are eight motions for summary judgment that are pending in the 2008 case, and the Court presumably will want to rule on those motions before trial. But there are **also** five motions for summary judgment that still need to be decided before the October 2013 trial in the 2011 case, so again the posture of the two cases is the same. For these reasons, and the reasons set forth below, pursuant to Rule 42(a)(1), Holland respectfully requests that the Court join Civil Action 1:08-cv-01183 and Civil Action 1:11-cv-00071 for trial in October 2013.

## BACKGROUND

On December 15, 2008, the Sierra Club's national "war on coal" came to the eastern shores of Lake Michigan, where Sierra Club established a beachhead by firing a litigation cannon at the City of Holland, Michigan. Specifically, *Sierra Club v. City of Holland, Michigan and Holland Board of Public Works*, 1:08-cv-01183, alleges that Holland illegally made "major modifications" to the James De Young power plant in in violation of the Clean Air Act (the "PSD Case"). PSD Dkt. #1.[1] Such allegations are among the most serious type of Clean Air Act enforcement actions, because the potential outcome could require a total "re-do" of the plant's control technology to meet the "best available control technology" ("BACT") standard. BACT changes can be hugely expensive for a power plant, and the result (if the defendant loses) is often that the power plant is forced to close. That is in fact the purpose of such suits by the Sierra Club. On January 20, 2011, the Sierra Club filed *Sierra Club v. City of Holland, Michigan and Holland Board of Public Works*, 1:11-cv-00071, alleging that Holland operated the James De Young power plant in violation of opacity limitations under the Clean Air Act (the "Opacity

---

[1] Docket citations in the 2008 PSD Case will be to "PSD Dkt. #," and docket citations in the 2011 Opacity Case will be to "Opacity Dkt. #".

2

Case"). Opacity Dkt. #1. At the time Sierra Club filed the Opacity Case, the PSD Case was scheduled for trial just eight months later, and the remedy Sierra Club sought in the PSD Case almost certainly would have mooted the opacity concerns raised by the new case. Still, the Sierra Club decided the tiny De Young Power Plant was worthy of a two-front battle.

The Opacity Case originally was assigned to Judge Jonker, because Sierra Club did not identify the second case as related to the first. On February 10, 2011, however, this Court concluded that the PSD Case and the Opacity Case were "related" under Local Rule 3.3.1(d)(iii), because they arose from the same transaction or occurrence and involve identical parties. Opacity Dkt. #3, #4. Accordingly, the Opacity case was transferred from Judge Jonker to Chief Judge Maloney. Opacity Dkt. #4.

The PSD Case was originally set for a bench trial on September 27, 2011, and all discovery is complete. On July 15, 2011, however, the Court adjourned the Final Pretrial Conference and the trial date because the parties were engaged in Court-annexed ADR settlement discussions. PSD Dkt. #31, #203. Settlement negotiations included both cases but unfortunately ADR was not successful, and the litigation stay was lifted on May 21, 2012. PSD Dkt. #207. Nevertheless, no new trial date has been set in the PSD Case. There are also eight pending motions for summary judgment in the PSD Case. PSD Dkt. #42, #89, #94, #109, #111, #115, #123, #127.

The Opacity Case, for its part, is set for a bench trial on October 29, 2013, and all discovery is complete. The Final Pretrial Conference in the Opacity Case is set for October 7, 2013, approximately eleven weeks from now. There are five pending motions for summary judgment in the Opacity Case. Opacity Dkt. #48, #54, #56, #78, #109.

3

## **STANDARD FOR JOINING TWO RELATED CASES FOR TRIAL**

Under Federal Rule of Civil Procedure 42, where actions before a court "involve a common question of law or fact, the court may . . . join for hearing or trial any or all matters at issue in the actions." Fed. R. Civ. P. 42(a)(1). Rule 42 provides a court with broad discretion to join similar actions pending before it. *See Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir.1993); CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2383 (3d ed. 2013). "Common questions of law and fact do not have to predominate. All that is required is that the district court find they exist and that consolidation will prove beneficial." 8-42 Moore's Federal Practice – Civil § 42.10(1)(a). Among other things, a court should consider "the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Cantrell*, 999 F.2d at 1011 (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

## **ARGUMENT**

The Sierra Club's dual Complaints in the PSD Case and the Opacity Case each allege noncompliance with the Clean Air Act due to unlawful emissions from Holland's James De Young Generating Station. Not surprisingly, the two cases involve many common questions of fact, require testimony by many of the same witnesses, and involve requests for overlapping (and potentially inconsistent) remedies. Discovery is complete in both cases and, other than decisions on the pending summary judgment motions in both cases, the cases can be ready for trial later this Fall (October 2013). Given these circumstances, it would reduce the risk of inconsistent factual determinations and remedies, reduce the burden on the parties, witnesses, and judicial

4

resources, and reduce the total amount of time needed for trial, if the two cases were joined for trial.

There is substantial overlap of evidence. In both cases, Sierra Club will need to prove standing. The witnesses and arguments in both cases will be nearly the same. Similarly, background information about the James De Young plant will need to be introduced in both cases, including facts related to the configuration and operation of the facility's three coal-fired boilers and their associated pollution control equipment. These facts are highly technical in nature and will require a combination of fact and expert testimony. Presenting all of this information in a single trial will reduce the overall time it takes to try these two cases, reducing the burden on the Court.

Joinder of these cases also will reduce significantly the burden on the witnesses, the parties, and the Court. The witnesses in the PSD Case and the Opacity Case overlap. For example, the only Holland fact witnesses deposed in the Opacity Case – David Koster and Judy Visscher – were also deposed in the PSD Case. Also, Sierra Club's standing witnesses are the same in both cases. Portions of these witnesses' trial testimony will be the same in both cases, and it would reduce the burden on the witnesses and promote judicial efficiency if the witnesses were only called to testify once. Adding the 2008 PSD Case to the October 2013 Opacity Case trial docket also seems most efficient for the Court to expedite final resolution of these related cases, and there will be no prejudice or delay in adjudicating these cases together—to the contrary, under this approach the 2008 PSD Case will be tried sooner than would currently occur.

Joining the cases for trial also ensures that the Court will have all of the information it needs to fashion consistent remedies (if any are appropriate). In both cases, the Sierra Club has

asked the Court for a remedy that impacts the operations of the same three James De Young plant boilers and their pollution control devices. It would be particularly awkward to have separate trials on the current schedule, because (as noted above) the remedies sought in the PSD Case are more sweeping than the remedies sought in the Opacity Case.

In the Opacity Case, the Sierra Club asks the Court to order Holland either to install additional add-on pollution controls or to convert to natural gas. Opacity Dkt. #28. The Sierra Club's expert says that either installation of a pollution control device called a "baghouse" on the coal-fired boilers or conversion of the coal-fired boilers to natural gas would be appropriate.[2] By comparison, in the PSD Case, the Sierra Club asks the Court to order Holland to install all necessary pollution controls to meet "BACT" emission limits, which the Sierra Club's expert says is to convert the coal-fired boilers to natural gas. PSD Dkt. #16. The Court's PSD conclusions, especially if the Court reaches the conclusions urged by Sierra Club's expert, cannot help but impact the appropriateness of any remedy in the Opacity Case. Again, that is why the cases should be tried together.

If the two cases are not joined for trial and, as is now the schedule, the Opacity Case is tried first, it is possible that the Court could order Holland to install an expensive control technology, such as a baghouse, on the coal-fired boilers as a remedy in the Opacity Case, only to later order the boilers to be converted to natural gas in the PSD Case rendering the baghouse equipment superfluous. This would be a costly and inefficient change in remedies. If the remedy is fashioned following a single trial, such inconsistent remedies can be avoided.

---

[2] The Opacity Case alleges intermittent exceedances of Holland's opacity limit, most of which occurred prior to 2009, when Holland performed equipment upgrades that improved opacity performance at James De Young. Based on James De Young plant's opacity performance in the past three years, Holland's expert has opined that **no** injunctive relief is needed even if liability for alleged past violations is established.

## **CONCLUSION**

The two cases meet the standard for joining two cases for trial under Federal Rule of Civil Procedure 42(a)(1).  Common issues of fact and the advantages of consistency on fact questions, legal questions, and remedies (if any) strongly support joinder for trial.  Furthermore, it would reduce the burden on the parties, witnesses, and judicial resources if the two cases were joined for trial.  There are no countervailing factors.

WHEREFORE, Holland respectfully moves, pursuant to Fed. R. Civ. P. 42(a)(1), that the Court join for trial *Sierra Club v. City of Holland, Michigan and Holland Board of Public Works*, 1:08-cv-01183, and *Sierra Club v. City of Holland, Michigan and Holland Board of Public Works*, 1:11-cv-00071, together with such further and other legal and equitable relief as may be just under the circumstances.

Dated: July 26, 2013						Respectfully submitted,

							/s/ Margrethe K. Kearney
							One of the Attorneys for Defendants

							Charles M. Denton
							BARNES & THORNBURG LLP
							171 Monroe Avenue, NW
							Suite 1000
							Grand Rapids, MI 49503
							Telephone: (616) 742-3974
							Email: charles.denton@btlaw.com
							Atty. #: P33269

							Cary R. Perlman
							Karl A. Karg
							Andrea M. Hogan
							Margrethe K. Kearney
							LATHAM & WATKINS LLP
							233 South Wacker Drive, Ste. 5800
							Chicago, Illinois 60606
							Telephone: (312) 876-7700
							Email: cary.perlman@lw.com
									karl.karg@lw.com
									andrea.hogan@lw.com